**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs Erikka Skinner and Ann Kenney*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKKA SKINNER, ANN KENNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KEN'S FOODS INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00846<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*<br><br>2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE § 17500, *et. seq.*<br><br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE § 17200, *et. seq.* |

Plaintiffs Erikka Skinner and Ann Kenney (collectively, "Plaintiffs"), each individually and each on behalf of all others similarly situated, bring this class action complaint against Ken's Foods, Inc. ("Defendant") and Does 1 through 10, inclusive (collectively referred to herein as "Defendants") and alleges as follows:

**SUMMARY OF THE ACTION**

1. This is a class action lawsuit brought on behalf of all purchasers of Ken's Steak House® Olive Oil Dressings, including Greek with Imported Olive Oil ("Greek"), Ken's Steak House® Italian with Extra Virgin Olive Oil ("Italian"), and Ken's Steak House® Olive Oil & Vinegar ("Olive Oil & Vinegar") (collectively, the "Product(s)"), sold online and at retail outlets, and grocery stores throughout California and the United States. A true and correct representation of the Products' front label is set forth below.



2. Defendants uniformly advertise that the Products are "olive oil" dressings as indicated on the front of every bottle, i.e., "Greek with Feta Cheese, Black Olives, and Imported Olive Oil," "Olive Oil & Vinegar," and "Italian with Extra Virgin Olive Oil." In reality, the Products are primarily made of soybean and canola oil –cheaper, filler oils.

1
CLASS ACTION COMPLAINT

# PARTIES

3. Plaintiff Erikka Skinner ("Plaintiff Skinner") is, and at all times relevant hereto was, a citizen of California. Plaintiff Skinner purchased the Olive Oil & Vinegar Product at a grocery store in Los Angeles, California in 2017. In making her purchase, Plaintiff Skinner relied upon the claims made on the front label of the Product, including the "Olive Oil" claim, which was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Product. If Plaintiff Skinner had known that the Olive Oil & Vinegar dressing was in fact primarily comprised of soybean and canola oil, she would not have purchased the Product.

4. Plaintiff Ann Kenney ("Plaintiff Kenney") is, and at all times relevant hereto was, a citizen of California. Plaintiff Kenney purchased the Italian and Greek Products at an Albertson's grocery store in Vista, California in 2017. In making her purchase, Plaintiff Kenney relied upon the claims made on the front label of the Products, including the "Extra Virgin Olive Oil" and "Imported Olive Oil" claims, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Products. If Plaintiff Kenney had known that the Products were in fact primarily comprised of soybean and canola oil, she would not have purchased the Products.

5. Ken's Foods, Inc. is a corporation headquartered in Marlborough, Massachusetts maintains its principal business office at 1 D'Angelo Drive, Marlborough, Massachusetts. Ken's Foods directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Ken's Foods is the one of the owners, manufacturers, and distributors of the Products, and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging for the Products.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos

sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiffs who therefore sue these individuals and/or entities by fictitious names. Plaintiffs will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiffs are further informed and believe and based thereon allege that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiffs for the events, happenings, and consequences hereinafter set forth below.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiffs are citizens of California, reside in this District, and their purchases of the Products were made and delivered in this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District, including, but not limited to, label, packaging, and internet advertisements, among other advertising.

///
///
///
///

9. Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California. Defendants are authorized to do and doing business in California.

**FACTUAL ALLEGATIONS**

10. Defendants prominently display "Olive Oil & Vinegar" "Extra Virgin Olive Oil" and "Imported Olive Oil" labels on the front of each salad dressing bottle of the Products. The words "With Extra Olive Oil" and "Olive Oil" appear as part of the names of the Olive Oil & Vinegar, Italian, and Greek dressings, respectively, thereby easily catching a reasonable consumer's attention.

11. The net impression of Defendants' advertising and marketing is that the Products are premium, high-quality salad dressings comprised primarily, if not exclusively, of "extra virgin" and "imported" olive oil as the oil base. In actuality, the Products are comprised primarily of soybean and canola oils. The Italian dressing contains only 2.9% olive oil and the Greek dressing contains only 6.9% olive oil.

12. Upon information and belief, Plaintiffs allege extra virgin olive oil has long been touted as one of the healthiest, most flavorful oils. Used for centuries as a staple part of the Mediterranean diet, extra virgin olive oil continues to be a top choice for dressings around the world. Because of the great care taken in producing this kind of oil, the price of extra virgin olive oil is typically twice as much or more than other vegetable oils.

13. Soybean and canola oil, on the other hand, are typically made using a lower quality seed and highly processed refining method, rendering them cheaper and easier to produce. Vegetable oils such as these are almost tasteless and lack the health benefits linked to extra virgin olive oil.

14. Plaintiffs and other consumers of the Products made their purchase decisions in reliance upon Defendants' advertised claims that that Products were made primarily or exclusively from extra virgin and imported olive oil.

15.     Plaintiff Skinner made at least one purchase of a bottle of Olive Oil & Vinegar dressing from a grocery store located in Los Angeles, California in 2017. Plaintiff Skinner paid approximately $3.00 for the Product. Plaintiff Kenney made at least one purchase of a bottle of Greek dressing and one purchase of a bottle of Italian dressing from an Albertson's grocery store located in Vista, California in or around January 2017.  Plaintiff Kenney paid approximately $3.00 for each of the Products.

16.     Plaintiffs and the Class reasonably and detrimentally relied upon the Products' front label representations by Defendant regarding the olive oil contained therein.

17.     Plaintiffs and the Class would not have purchased the Products had they known that the Products contain nominal amounts of olive oil and predominantly contain soybean and canola oil.

18.     Defendants' conduct threatens California consumers by using intentionally deceptive and misleading labels. Defendants' conduct also threatens other companies, large and small, who "play by the rules." Defendants' conduct stifles competition and has a negative impact on the marketplace, and reduces consumer choice.

19.     There is no practical reason for false labeling and advertising of the Products, other than to mislead consumers as to the actual ingredients of the Products being purchased by consumers while simultaneously providing Defendant with a financial windfall as a result of money saved from lower supply costs.

20.     Plaintiffs make the allegations herein upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## CLASS ALLEGATIONS

21.     Plaintiffs bring this action each on their own behalf and each on behalf of all other persons similarly situated. Plaintiffs seeks to represent a Class consisting of "All persons who purchased the Products in United States for personal use and not

for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

22. In the alternative, Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

23. The Class is so numerous that their individual joinder herein is impracticable. On information and belief, the Class numbers in the hundreds of thousands or more throughout the United States and California. The Class is sufficiently numerous because hundreds of thousands of units of the Products have been sold in California during the time period February 1, 2014 through the present (the "Class Period").

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

  a. Whether Defendants' conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

  b. Whether Defendants used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq*.;

  c. Whether Defendants represented the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq*.;

   d. Whether Defendants advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq.*;

   e. Whether Defendants' labeling and advertising of the Products is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

   f. Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

   g. Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   h. Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   i. Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*.

25. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

26. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs and the Class each purchased a unit of the Products under the false belief that the Products contained olive oil to the exclusion of other cheaper, filler oils. Plaintiffs and the Class relied upon Defendants' packaging and would not have purchased the Products if they had known that the Products did not contain any significant quantity of olive oil and were comprised mostly of soybean and canola oil.

27. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation

would make it impracticable or impossible for the Class to prosecute their claims individually.

28. The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

29. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

30. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

**Violation of California Consumers Legal Remedies Act,**

**California Civil Code Section 1750,** *et seq.*

31. Plaintiffs repeat and reallege all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

32. Plaintiffs bring this cause of action pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), each on her own behalf and each on behalf of all other persons similarly situated. Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in United States for

personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

33. In the alternative, Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

34. The Class consists of thousands of persons, the joinder of whom is impracticable.

35. There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, including but not limited to those questions listed in Paragraph 27, above.

36. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

37. The practices described herein, specifically Defendants' packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Products; and (2) advertising and packaging the Products with intent not to sell them as advertised.

38. Defendants fraudulently deceived Plaintiffs and the Class by misrepresenting the Products as having characteristics which they do not have, e.g., advertising the Products in such a way to represent them as containing primarily olive oil when they contain mostly soybean and canola oil. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiffs and the

Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

39. Defendants fraudulently deceived Plaintiffs and the Class by labeling and advertising the Products with intent not to sell them as advertised. Specifically, Defendants intentionally labeled and misrepresented the Products as being comprised of olive oil and instead using mostly soybean and canola oil, a cheaper and lower quality ingredient. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiffs and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

40. Defendants knew or should have known, through the exercise of reasonable care, that the Products' labeling and advertising were misleading.

41. Defendants' actions as described herein were done with conscious disregard of Plaintiffs' rights, and Defendants were wanton and malicious in their concealment of the same.

42. Defendants' labeling and advertising of the Products was a material factor in Plaintiffs' and the Class's decisions to purchase the Products. Based on Defendant's labeling and advertising of the Products, Plaintiff and the Class reasonably believed that they were purchasing a salad dressing that contained primarily (if not exclusively) olive oil to the exclusion of any other oils. Had they known the truth of the matter, Plaintiffs and the Class would not have purchased the Products.

43. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiffs and the Class paid for a salad dressing that was different from what they were reasonably expecting to receive when they decided to make their respective purchases. Plaintiffs and the Class would not have purchased the Products had they known that the salad dressing product was comprised mainly of soybean and canola

oil as opposed to extra virgin and imported olive oil.

44. Defendants' false and misleading labeling and advertising should be enjoined due to its false, misleading, and/or deceptive nature.

45. By letter dated June 12, 2017, Plaintiff Kenney advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT TWO

### Violation of California False Advertising Law,

### Business & Professions Code Section 17500, *et seq.*

46. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

47. Plaintiffs bring this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, each on her own behalf and each on behalf of all other persons similarly situated. Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in United States for personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

48. In the alternative, Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

49. California's False Advertising Law, California Business and Professions Code section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any

statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

50. Defendants knowingly disseminated misleading claims regarding the existence of olive oil in the Products as a means to mislead the public about the amount of said ingredient in the Products.

51. Defendants controlled the labeling, packaging, production and advertising of the Products. They knew or should have known, through the exercise of reasonable care that their representations about the ingredients of the Products was untrue, deceptive and misleading.

52. The general public bases its purchasing decisions on front label claims of a salad dressing product. Consumers generally do not look at any back of the bottle label information, such as ingredients lists, to correct or clarify the claims on the front label or for any other reason. Instead, the general public chooses a salad dressing because the product's front label leads them to believe they are receiving a salad dressing that primarily or exclusively contains the ingredients named on the front label.

53. Defendants' action of displaying untrue claims about the ingredients of the Products in prominent type face on each salad dressing bottle's front label is likely to deceive the general public.

54. Defendants' actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

55. Pursuant to Business and Professions Code section 17535, Plaintiffs and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of falsely advertising that the Products are olive oil dressings. Likewise, Plaintiffs and the Class seek an order requiring Defendants to disclose such misrepresentations.

56. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs and the Class purchased the Products in reliance upon the claims by Defendants that the Products are "with extra virgin olive oil" and "imported olive oil" as represented by Defendants' labeling and advertising. Plaintiffs would not have purchased the Products if they had known that the claims and advertising as described herein were false and misleading.

## COUNT THREE

### Violation of California Unfair Competition Law,
### Business & Professions Code Section 17200, *et seq.*

57. Plaintiffs repeat and reallege the allegations set forth above, and incorporate the same as if set forth herein at length.

58. Plaintiffs bring this cause of action pursuant to Business and Professions Code section 17200, *et seq.*, each on her own behalf and each on behalf of all other persons similarly situated. Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in United States for personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

59. In the alternative, Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 1, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

60. In the advertising of the Products, Defendants make false and misleading statements regarding the ingredients of the Products, as alleged in the preceding paragraphs.

61. Defendants' advertising claims about the Products, as alleged in the preceding paragraphs, are false, deceptive, misleading and unreasonable.

62. Defendants are aware that the claims that they make about the Products are false, deceptive, misleading and unreasonable.

63. As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

64. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

65. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

66. All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

67. Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Products in the manner alleged herein. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations.

68. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs and the Class

purchased the Products in reliance of the claims by Defendants that the Products were capable of the representations made in Defendants' packaging and advertising. Plaintiffs and the Class would not have purchased the Products if they had known that the claims and advertising as described herein were false.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, each on behalf of herself and each on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A. For an order certifying the Class, appointing Plaintiffs as co-class representatives, and designating Plaintiffs' counsel as counsel for the Class;

B. An order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

C. For all forms of relief set forth above;

D. Punitive damages;

E. Reasonable attorney fees and costs; and

F. Granting such other and further as may be just and proper.

DATED: February 1, 2018          **CLARKSON LAW FIRM, P.C.**

    /s/ Shireen M. Clarkson_____
Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.

*Attorneys for Plaintiffs Erikka Skinner and Ann Kenney*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069